IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE CARLOS CHAVEZ,

      Plaintiff,

v.                                    No. CIV-05-1270 WJ/LFG

DON DOUGLAS, MEDICAL DIRECTOR, WEXFORD
HEALTH SOURCES, INC.,
JAMES JANECKA, WARDEN, LEA COUNTY
CORRECTIONAL FACILITY, HOBBS, N.M. (LCCF),

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims for violations of Plaintiff's rights under the Americans With Disabilities Act, the Rehabilitation Act, and the Eighth Amendment. Plaintiff alleges that, in spite of

serious physical disabilities, he was assigned to an upper bunk. He later fell from the bunk, suffering serious injuries, and was denied adequate medical treatment. Plaintiff alleges that he has exhausted administrative remedies, and he seeks equitable relief and damages.

No relief is available on Plaintiff's claims against Defendant (Warden) Janecka. The complaint contains no allegations against this Defendant affirmatively linking him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor may not be based solely on a theory of respondeat superior liability for the actions of subordinates. *See id.* Plaintiff's claims against Defendant Janecka will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Janecka are DISMISSED with prejudice, and Defendant Janecka is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk issue notice and waiver forms, with a copy of the complaint, for Defendant Douglas.

UNITED STATES DISTRICT JUDGE